UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:11-CR-282-T-23TGW

AGILEO RAMOS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, AGILEO RAMOS, and the attorney for the defendant, Paul D. Petruzzi, Esq., mutually agree as follows:

A.  **Particularized Terms**

1.  **Count Pleading To**

The defendant shall enter a plea of guilty to Count One of the Superseding Information. Count One charges the defendant with misprision of a felony, in violation of Title 18, United States Code, Section 4.

2.  **Maximum Penalties**

Count One carries a maximum sentence of three years imprisonment, a fine of up to $250,000, a term of supervised release of not more than three years, and a special assessment of $100, said special assessment to be due on the date of sentencing.

Defendant's Initials ____

3. **Elements of the Offense**

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: That the federal felony of possession with intent to distribute cocaine was committed;

Second: That the defendant had actual knowledge of the commission of the felony;

Third: That the defendant did not, as soon as possible, make known the felony to a judge or other person in civil authority; and,

Fourth: That the defendant performed an affirmative act to conceal the crime.

4. **Indictment Waiver**

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. **Counts Dismissed**

At the time of sentencing, the remaining count against the defendant, Count One of the Indictment, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6. **Incarceration Limitations**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition of this case is a sentence of time served.

2

B.  **Standard Terms and Conditions**

1.  **Special Assessment and Fine**

On the count to which a plea of guilty is entered, the Court shall impose a special assessment of $100 to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.  **Supervised Release**

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.  **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.



3

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government



4

are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or, (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).



6. **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. **Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also



6

understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is, in fact, guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:



7

## FACTS

On April 26, 2011, an undercover agent (UC) was directed by Pablo Gomez Benitez to a property where the defendant resided, for the purpose of conducting a transaction involving the sale of two kilograms of cocaine to the UC. At the scene, Ernesto Reyes Huerta handed the cocaine to Pablo Gomez Benitez, who provided the cocaine to the UC for inspection. During that process, the defendant provided a knife to the UC, which the UC used to cut into one of the packages of cocaine. Thereafter, the knife was returned to the defendant. As the arrest team arrived on the scene, the defendant, with the assistance of Reyes Huerta, disposed of the knife in order to conceal evidence of the crime. The knife was recovered from the ground area near the point of arrest. Further, the defendant did not as soon as possible make known the crime to any person in authority.

10. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____   8

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 21st day of November 2012.

|  | ROBERT E. O'NEILL<br>United States Attorney |
|---|---|
| _____<br>AGILEO RAMOS<br>Defendant | By: _____<br>JAMES C. PRESTON<br>Assistant United States Attorney |
| _____<br>PAUL D. PETRUZZI<br>Attorney for Defendant | for: _____<br>JOSEPH K. RUDDY<br>Assistant United States Attorney<br>Chief, Narcotics Section |